[ECF No. 10]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TREMAINE M. HADDEN,<br><br>             Plaintiff,<br><br>v.<br><br>RICHARD HERSHEY, et al.,<br><br>             Defendants. | Civil No. 22-1600 (RMB/EAP) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for the Appointment of Counsel, ECF No. 10, filed by *pro se* Plaintiff Tremaine M. Hadden. No opposition has been filed. The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

**I.   BACKGROUND**

The Court only restates the facts necessary for deciding Plaintiff's Motion. Plaintiff Tremaine M. Hadden is a pretrial detainee confined at the Camden County Correctional Facility. *See* ECF No. 2, Amended Complaint ("Am. Compl."), at 2-3.[1] On March 21, 2022, Plaintiff filed his first Complaint in this action. *See* ECF No. 1. On March 28, 2022, Plaintiff filed an Amended Complaint, asserting claims related to Plaintiff's arrest, confinement, and prosecution against a litany of Defendants including detectives, police officers, correctional officers, and Plaintiff's

---

[1] Because Plaintiff's Amended Complaint includes additional attached unnumbered pages, all citations to the Amended Complaint refer to the ECF page numbers.

criminal defense attorney. *See* Am. Compl. at 13-33. On August 11, 2022, the Court dismissed Plaintiff's claims against all but three Defendants upon its *sua sponte* screening of the Amended Complaint. *See* ECF No. 5, Order. In addition, the Court granted Plaintiff's application to proceed *in forma pauperis*. *Id*. at 1.[2]

Plaintiff's claims against the three remaining Defendants arise under 42 U.S.C. § 1983 for alleged violations of his civil rights. *See* ECF No. 5, Order, at 2. First, the Court permitted Plaintiff to proceed on his false arrest and false imprisonment claims against Detective Jeffrey Lorman for allegedly writing a false probable cause affidavit in support of Plaintiff's arrest. Am. Compl. at 13-15. In his affidavit, Detective Lorman asserted that during an investigation into the shooting of another detective of the New Jersey State Police, multiple witnesses identified Plaintiff as possessing a gun at the scene and observed Plaintiff firing a handgun from the driver's seat of a vehicle in the direction of the detective who was shot. *See* Am Compl. Ex. B, at 3. Plaintiff alleges that Jeffrey Lorman falsified the witness statements; in particular, the statements placing Plaintiff in the driver's seat of the vehicle, which allowed Detective Lorman to detain Plaintiff. *See id*.; Am Compl. at 13-15.

Second, the Court permitted Plaintiff to proceed on false arrest and false imprisonment claims against Officer Alison Akke of the Middle Township Police Department. *See* ECF No. 5, Order at 2. According to the Amended Complaint, three hours after Detective Lorman wrote his affidavit of probable cause, a Deputy Attorney General allegedly instructed Officer Akke to revise the affidavit because it contained a wrong court code. *See* Am Compl. at 14. Officer Akke allegedly forged Detective Lorman's signature on a corrected affidavit and withheld information

---

[2] In addition, the Court found that appointment of *pro bono* counsel was not presently warranted because "Plaintiff has established his ability to perform legal research and draft an extensive complaint regarding his arrest and subsequent pretrial detention" and because "he appears capable of self-representation at this time." ECF No. 4, Opinion, at 20 n.5.

that "tells a different story." *Id*. Plaintiff has attached a revised affidavit that bears Detective Lorman's name to his Amended Complaint. *See* Am. Compl. Ex. D.[3]

Third, the Court permitted Plaintiff to proceed on an excessive force claim against Defendant Sergeant Fisher, a corrections officer. *See* ECF No. 5, Order at 2.[4] Plaintiff alleges that while he was in pretrial confinement for the shooting, Sergeant Fisher walked into Plaintiff's cell, assaulted him, and "hurled racial comments at him." *See* Am. Compl. at 16. Plaintiff alleges that he suffered "severe back pain" and trauma to his head and wrist from the assault by Sergeant Fisher. *Id*. at 18.[5]

On September 26, 2022, Plaintiff filed the present motion seeking appointment of *pro bono* counsel. *See* ECF No. 10, Motion for Appointment of Counsel ("Pl.'s Motion"), at 3. Plaintiff argues that appointment of counsel is appropriate because the issues in this matter are complex, and because he lacks the ability to present an effective case and is unfamiliar with the rules of evidence and discovery. *See id*. In addition, Plaintiff asserts that he is unable to afford counsel. *See id*. Finally, Plaintiff states that he "had a lot of help from the jail house lawyer" in asserting his claims. *Id*.

---

[3] While the Court permitted Plaintiff's false arrest and false imprisonment claims against Detective Lorman and Officer Akke to proceed based on allegations that they falsified the arrest warrants, the Court dismissed Plaintiff's conspiracy claims against them. *See* ECF No. 4, Opinion at 11 n.3 (incorrectly denoted as n.33).

[4] The Court dismissed Plaintiff's retaliation claim against Sergeant Fisher because Plaintiff has not alleged that the excessive force was motivated by Plaintiff's exercise of a constitutional right. *See* ECF No. 4, Opinion at 13.

[5] On October 20, 2022, the Court granted Plaintiff's letter request, ECF No. 11, for an extension of time to file a second amended complaint. *See* ECF No. 12, Order. The Court granted Plaintiff leave to file the amended complaint within 45 days of the date of the Order. *Id*. Plaintiff, however, has not filed a second amended complaint within the extended deadline. Therefore, the Court will consider Plaintiff's Motion for Appointment of Counsel in the context of the remaining claims from Plaintiff's March 28, 2022 Amended Complaint, ECF No. 2.

## II.     DISCUSSION

Motions for the appointment of *pro bono* counsel are governed by 28 U.S.C. § 1915(e). That statute grants courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory or constitutional right. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).

Prior to analyzing the substance of the applicant's request for *pro bono* counsel, the Court must first determine whether the litigant's overarching claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold is satisfied, then the substance of the applicant's request for *pro bono* counsel should be reviewed under the following factors (hereinafter the "*Tabron*/*Parham* factors"):

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). None of the above factors is individually determinative, and the list is not exhaustive. *Id.* at 458. Rather, these factors articulate important considerations to evaluate a litigant's request for the appointment of *pro bono* counsel. *Id.*

The fact that Plaintiff's Amended Complaint and *in forma pauperis* petition were screened pursuant to 28 U.S.C. § 1915(e), and the Court did not dismiss Plaintiff's false arrest and false imprisonment claims against Detective Lorman and Officer Akke, nor his excessive force claim against Sergeant Fisher, is some indication the claims have "some merit in fact and law." *See* ECF

No. 4, Opinion; ECF No. 5, Order. Thus, for the purpose of this motion, the Court will assume Plaintiff has satisfied his threshold burden.[6] Therefore, the Court will proceed to evaluate Plaintiff's request for counsel using the *Tabron*/*Parham* factors as a guidepost.

The first *Tabron*/*Parham* factor requires an evaluation of whether the litigant is capable of presenting his or her own case. *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002). This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action. *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007). This capability should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience. *Tabron*, 6 F.3d at 156. The Third Circuit characterized this factor as "[p]erhaps the most significant of *Tabron*'s post-threshold factors." *Montgomery*, 294 F.3d at 501.

Here, Plaintiff argues that he lacks the ability to present an effective case without an attorney. *See* Pl.'s Motion at 3. However, Plaintiff does not describe his education, prior work experience, or prior litigation experience in his Motion. Nor does Plaintiff allege any limitations to his literacy or ability to understand English. Moreover, a review of the record indicates that Plaintiff is competent and capable of litigating this matter himself. Plaintiff's complaints, motions, and other filings demonstrate his ability to adequately read, write, and understand English and the legal process. Even without the assistance of counsel, Plaintiff initiated this action, filed a successful motion to proceed *in forma pauperis*, and pled claims that passed screening. Plaintiff's Amended Complaint, while lengthy, is legible and organized by cause of action. Moreover, the Amended Complaint contains supporting exhibits and citations to statutes, cases, and the New Jersey Rules of Professional Conduct. *See, e.g.*, Am. Compl. at 21. In addition, Plaintiff has demonstrated an awareness of the Court's deadlines and rules by filing two letter requests to extend

---

[6] This assumption is for purposes of this Motion only. The Court reserves the right to reconsider the merits of Plaintiff's claims in the future.

the time to file a second amended complaint, both of which were granted. *See* ECF Nos. 8, 11. At present, Plaintiff appears to be competent and capable of presenting the case himself. Thus, the first factor weighs against the appointment of counsel for Plaintiff.

The second factor concerns the complexity of the legal issues presented in the case. Courts should be more inclined to appoint counsel when the legal issues are complex. *Tabron*, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.") (quoting *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)). This case involves an alleged violation of Plaintiff's civil rights under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. Plaintiff argues in his Motion that the "issues are complex," but Plaintiff provides no further explanation. *See* Pl.'s Motion at 3. The Court finds that the legal issues implicated by Plaintiff's allegations of falsified affidavits and excessive force in confinement are substantially developed and not uncommonly challenging, and therefore, these legal issues are not unduly complex for a litigant such as Plaintiff. Therefore, the second *Tabron*/*Parham* factor weighs against the appointment of counsel.

The third factor concerns the degree and/or difficulty of any expected factual investigation the case may require, and the ability of Plaintiff to conduct such an investigation. Claims that are likely to require extensive discovery and compliance with complex discovery rules may warrant the appointment of counsel. *Tabron*, 6 F.3d at 156. Here, Plaintiff argues that his factual investigation will be hindered by his lack of familiarity with the rules of evidence and discovery. *See* Pl.'s Motion at 3. However, this lack of legal familiarity is common among *pro se* litigants, and Plaintiff does not offer any arguments why factual investigation in this case will be particularly difficult. Moreover, Plaintiff is already in possession of the two affidavits of probable cause, and it is not unduly difficult for Plaintiff to discover whether witnesses identified Plaintiff at the scene of the shooting. Likewise, Plaintiff's excessive force claim against Sergeant Fisher relates to a single incident, and Plaintiff alleges that Sergeant Fisher was wearing a body camera, so it is not

apparent that a complicated factual investigation will be necessary. *See* Am. Compl. at 16. It does not presently appear that the investigation in this case will be extensive, or that the discovery will be beyond Plaintiff's capabilities. For this reason, the Court finds the third *Tabron/Parham* factor weighs against the appointment of counsel.

The fourth factor for consideration is the likelihood a case will turn on credibility determinations. Plaintiff does not address this factor in his Motion. While most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. Thus, in considering this factor a court must evaluate the degree to which "witness credibility is a key issue." *Tabron*, 6 F.3d at 147. At this time, early in the procedural life of the case, the Court cannot answer whether the case will be "solely a swearing contest." It is possible that Defendants may present opposing testimony, but Plaintiff does not discuss how any witnesses are likely to testify at trial. Also, Plaintiff may be able to support his claims by other extrinsic evidence apart from witness testimony. Therefore, the Court finds the fourth *Tabron/Parham* factor to be neutral.

The fifth factor under consideration is the extent to which expert testimony may be required. Where a case will likely require such testimony, the appointment of counsel may be warranted. *Tabron*, 6 F.3d at 156. However, the Third Circuit has clarified that the need for expert testimony does not warrant the appointment of counsel in every case. *See Lasko v. Watts*, 373 F. App'x 196, 202 (3d Cir. 2010). Plaintiff's Motion does not address this factor, and Plaintiff does not argue that expert testimony will be necessary to present his claims. Additionally, given the nature of his surviving false arrest, false imprisonment, and excessive force claims, it is not certain that expert testimony will be needed at this time. Accordingly, the Court finds that the fifth *Tabron/Parham* factor weighs against the appointment of counsel.

The final *Tabron/Parham* factor to be addressed is whether the litigant is financially capable of retaining his own counsel. *Parham*, 126 F.3d at 461. Because Plaintiff is proceeding

*in forma pauperis*, the Court finds the sixth *Tabron*/*Parham* factor weighs in favor of the appointment of counsel. That factor alone, however, does not require the Court to appoint *pro bono* counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 411 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel. . . .").

### III.   CONCLUSION

Because four of the six the *Tabron*/*Parham* factors weigh against the appointment of counsel and one is neutral, the Court denies Plaintiff's Motion. The most important factors in this regard are that Plaintiff is capable of reading, writing, and bringing his own case; the relevant legal issues are not complex; Plaintiff's claims are not likely to require complicated investigation or discovery; and Plaintiff has not shown that expert witnesses will be required.

Accordingly, for all the foregoing reasons,

**IT IS** this **20th** day of **December 2022**,

**ORDERED** that Plaintiff's Motion to Appoint *Pro Bono* Counsel, ECF No. 10, is **DENIED WITHOUT PREJUDICE**. This Order is entered without prejudice to Plaintiff's right to re-file his motion if warranted by material relevant developments and/or a change in circumstances; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff's address via regular mail and shall enter a notation on the docket indicating the date upon which this Order was forwarded to Plaintiff's address via regular mail.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.