IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| TREMAINE M. HADDEN, | : | CIV. NO. 22-1600 (RMB-EAP) |
| Plaintiff | : | **MEMORANDUM ORDER** |
| v. | : |  |
| RICHARD HERSHEY, et al., | : |  |
| Defendants | : |  |

WHEREAS:

1. Plaintiff Tremaine M. Hadden was a pretrial detainee at Atlantic County Justice Facility in Mays Landing, New Jersey in March 2022, when he opened this matter by filing a *pro se* prisoner civil rights complaint (Compl., Dkt. No. 1), followed by an amended complaint on March 28, 2022. (Am. Compl., Dkt. No. 2.)

2. On August 11, 2022, this Court granted Plaintiff's application to proceed without prepayment of the filing fee ("IFP application") and screened the amended complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). (Opinion and Order, Dkt. Nos. 2, 3.) This Court permitted Plaintiff's false arrest and false imprisonment claims under 42 U.S.C. § 1983 to proceed against Defendants Detective Lorman and Officer Akke and permitted his Fourteenth Amendment excessive force claim under § 1983 to proceed against Sergeant Fisher. (*Id.*) This Court dismissed the remainder of Plaintiff's claims in the amended complaint, certain claims with prejudice and

other claims without prejudice, and granted Plaintiff leave to file a second amended complaint within 30 days. Despite several extensions of time to file a second amended complaint, Plaintiff did not do so. If Plaintiff now wishes to file a second amended complaint, he must file a motion to amend in accordance with Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1.[1]

    3. Summons was returned executed on Sergeant Fisher on December 16, 2022. (Dkt. No. 14.) The United States Marshals Service informed the Court that summons were executed on Jeffrey Lorman and Allison Akke on October 5, 2022. None of the defendants have filed an answer or motion to dismiss.

    4. On December 20, 2022, the Honorable Elizabeth A. Pascal, United States Magistrate Judge, denied without prejudice Plaintiff's motion to appoint pro bono counsel. (Mem. Op. and Order, Dkt. No. 15.)

    5. On June 16, 2023, the Court issued a Notice of Call for Dismissal ("Notice of Call") under Local Civil Rule 41.1(a) because Plaintiff had taken no action to prosecute this matter for at least 90 days. (Notice of Call, Dkt. No. 16.)

    6. On June 23, 2023, Plaintiff filed a response to the Notice of Call. (Response to Notice of Call, Dkt. No. 17.) Plaintiff's response consists of three letters to this Court and eleven exhibits. In his first letter, Plaintiff requests the following: (1) a *Franks* Hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978),[2]

---

[1] The Local Civil Rules of the United States District Court, District of New Jersey are available at www.njd.uscourts.gov.

[2] The Supreme Court in *Franks* held that:

to establish his claims of false arrest and false imprisonment; (2) to initiate a habeas corpus proceeding to challenge his detention; and (3) a certified copy of the report filed with the assignment Judge of Salem County, New Jersey on May 27th, 2020, pertaining to the administrative dismissal pursued by County Prosecutor John Lenahan regarding the charges against Plaintiff. (*Id.*) Plaintiff alleges ineffective assistance of counsel and other challenges to his state court conviction. (*Id.*)

      7.  This action is limited to the civil claims of false arrest, false imprisonment and excessive force against Defendants Sergeant Fisher, Jeffrey Lorman, and Allison Akke. *Franks* hearings are inapplicable to civil rights actions. Plaintiff may seek formal discovery in support of his civil claims, including depositions of parties and witnesses, in accordance with the Federal Rules of Civil Procedure, and this Court's Local Civil Rules. However, Defendants have not yet responded to the amended complaint. Plaintiff must take some action to address Defendants' failure to respond to service of the summons and complaint, assuming there was proper service on the defendants.

---

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)).

8. It appears that Plaintiff has now been convicted on at least one charge. Assuming Plaintiff has been sentenced, he may seek habeas relief, release from custody, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (describing difference between § 1983 action and habeas corpus proceeding). Plaintiff may not do so, however, until he exhausts his state court remedies, including one complete round of New Jersey's established appellate review process, including a petition for certification to the New Jersey Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A) (exhaustion requirement); O'*Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999) (describing § 2254 exhaustion requirement). If Plaintiff has not yet been sentenced, he may file a pretrial habeas petition under 28 U.S.C. § 2241, but only if he can establish extraordinary circumstances, which is extremely rare. *See Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1985) (pre-trial habeas jurisdiction "without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.") Plaintiff may request the appropriate form for a petition for writ of habeas corpus from the Clerk of Court.

9. In Plaintiff's second letter in response to the Notice of Call (Dkt. No. 17-1), he submitted the redacted IA file of Lieutenant Glen Garrels and other exhibits. Plaintiff asks this Court to provide Lieutenant Garrels' complete unredacted IA file and any special reports pertaining to the investigation, and to further conduct its own investigation of Plaintiff's false arrest and false imprisonment claims. Federal courts are not authorized to independently investigate civil rights claims on behalf of *pro se*

litigants. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (describing the role of the federal courts in both civil and criminal cases as a "passive instrument of government[,]" relying on the parties to frame the issues and, the courts, as neutral arbiters, decide the questions presented by the parties). Plaintiff must use the appropriate discovery tools, found in the Federal Rules of Civil Procedure, to obtain information in support of his civil claims. First, however, Plaintiff must address the failure of the defendants to answer or otherwise respond to the amended complaint.

10. In Plaintiff's third letter in response to the Notice of Call, Plaintiff again seeks a *Franks* hearing and habeas corpus relief. (Dkt. No. 17-2.) Plaintiff describes how certain testimony at his criminal trial supports his claim "that my imprisonment resulted from perjured testimony knowingly used by state authorities to obtain probable cause and mislead Magistrate Lauren Vanemden, leading to an illegal indictment against me[.]" Again, Plaintiff may not obtain habeas corpus relief in this civil rights action.

11. On June 26, 2023, Plaintiff submitted an affidavit to this Court (Dkt. No. 18), requesting permission to proceed in this matter and submitting discovery materials. Plaintiff is not required to submit discovery materials to the Court. Discovery materials are primarily provided between the parties, with the exception of the need to present evidence in support of or opposition to motions for summary judgment.

12. On August 7, 2023, Plaintiff filed a copy of a *pro se* letter brief that he filed in his state court criminal proceeding in support of his motion to set aside the verdict

and dismiss the Indictment.  This was unnecessary.  As a general matter, this Court may not interfere in the state court criminal proceeding.  *Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 40 (3d Cir. 2017) (quoting *Marran v. Marran*, 376 F.3d 143, 154 (3d Cir. 2004) ("federal courts should abstain from enjoining state criminal prosecutions because of principles of comity and federalism, unless certain extraordinary circumstances exist."))

13.  Plaintiff has established that his failure to prosecute his civil rights claims in this matter was due to his involvement in his state court criminal proceedings. Plaintiff asserts in his affidavit (Dkt. No. 18) that he would now like to proceed with this action.  Therefore, this Court will vacate the Notice of Call for Dismissal and permit Plaintiff to proceed in this matter.

**IT IS** on this **14th day of August 2023**,

**ORDERED** that the Clerk shall vacate the Notice of Call for Dismissal, and Plaintiff may proceed with this matter; and it is further

**ORDERED** that Plaintiff's requests for a *Franks* hearing, investigation of his claims by this Court, and assistance obtaining records outside the formal discovery methods in the Federal Rules of Civil Procedure are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Order by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**