[ECF No. 25]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TREMAINE M. HADDEN,<br><br>  Plaintiff,<br><br>v.<br><br>JEFFREY LORMAN, et al.,<br><br>  Defendants. | Civil No. 22-1600 (RMB)(EAP) |

**OPINION**

This matter comes before the Court by way of Plaintiff's motion seeking leave to file a second amended complaint, *see* ECF No. 25 ("Pl.'s Motion"). Defendants oppose the motion. *See* ECF No. 40 ("Defs.' Opp."). The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court recites only the facts necessary to the disposition of the present motion. This is a civil rights action under 42 U.S.C. § 1983 in which Plaintiff claims several state actors violated his constitutional rights when they arrested, detained, and prosecuted him for the shooting of Detective Richard Hershey. Because only a small number of the claims originally filed by Plaintiff remain at this juncture, the Court will outline those claims before turning to the present motion.

A.   Remaining Claims

When Plaintiff filed the Complaint initiating this matter on March 21, 2022, he was a pretrial detainee confined at the Camden County Correctional Facility. *See* ECF No. 1, Compl.

On March 28, 2022, Plaintiff filed an Amended Complaint, alleging multiple claims against numerous defendants, including detectives, police officers, correctional officers, and Plaintiff's criminal defense attorney. *See* ECF No. 2, Am. Compl., at 13-33. On August 11, 2022, the Court dismissed Plaintiff's claims against all but three Defendants upon its *sua sponte* screening of the Amended Complaint. *See* ECF Nos. 4 (Opinion), 5 (Order). The remaining claims are:

1. A false arrest and false imprisonment claim against Detective Jeffrey Lorman for allegedly writing a false probable cause affidavit in support of an arrest warrant for Plaintiff.

2. A false arrest and false imprisonment claim against Officer Alison Akke[1] for allegedly forging Detective Lorman's signature on—and withholding information pertinent to—a second, corrected affidavit in support of the arrest warrant.

3. An excessive force claim against Defendant Sergeant Fisher, a corrections officer who allegedly walked into Plaintiff's cell and physically and verbally assaulted him while he was a pre-trial detainee.

ECF No. 4 at 11, 13. In addition, the Court suggested that a conspiracy claim based on the allegedly falsified affidavits could be the subject of a subsequent motion for leave to amend. *Id.* at 11 n.3 (incorrectly denoted as n.33). The Court also noted Plaintiff's intention to amend his complaint in the future to include a malicious prosecution claim against Deputy Attorney General ("DAG") Rachel Weeks and several other unspecified attorneys on the prosecution team. *Id.* at 6 n.2.[2] From there, Defendants Lorman and Akke answered the Amended Complaint on November 18, 2023. *See* ECF No. 40.[3]

---

[1] The Court refers to Officer Alison Akke using her maiden name because that is how Plaintiff refers to her in the Amended Complaint. However, the Court acknowledges that Defendants' submissions refer to her as Sergeant Alison Onofre, using her married surname and updated rank.

[2] In its Order, the Court also granted Plaintiff's application to proceed *in forma pauperis*; directed the Clerk of Court to provide Plaintiff a copy of the USM-285 forms for each of the three remaining Defendants; and instructed the United States Marshal to serve a copy of the Amended Complaint on each remaining Defendant upon receipt of the completed forms from Plaintiff. *See* ECF No. 5.

[3] Sergeant Fisher is in default at this time. On August 22, 2023, the Clerk entered a default

2

B.    Plaintiff's Motion

On October 31, 2024, the Court received the present motion seeking leave to file a second amended complaint. *See* ECF No. 25.[4] The motion is a twenty-page narrative document that weaves between several distinct events without providing any timeline. *See id.* It does not contain a proposed pleading or a document that shows the proposed changes to the pleading of record (which, in this case, is Plaintiff's Amended Complaint at ECF No. 2). *See id.* It does not list separate counts; does not identify which proposed defendants are subject to which claims; and does not group allegations related to the same transaction or occurrence in any coherent way. *See id.*[5] Although the motion is unclear, the Court believes that Plaintiff attempts to add the following claims:

1. A Fourth Amendment conspiracy claim against Defendants Lorman and Akke as well as new defendant Detective Mario Nacio and "their entire unit" for false arrest and false imprisonment regarding the allegedly falsified affidavits of probable cause.

2. A Fourth Amendment claim under *Brady v. Maryland*, 373 U.S. 83 (1963), against DAG Rachel Weeks for allegedly failing to turn over evidence to Plaintiff that Lorman, Akke, and other witnesses made false statements on two affidavits of probable cause supporting the warrants to arrest Plaintiff.

3. A Fourth Amendment claim against DAG Weeks based on allegations that she allowed Detective Akke to file a false affidavit of probable cause. In addition, Plaintiff appears to set out an additional Fourth Amendment claim against DAG Weeks regarding an alleged failure to properly instruct the grand jury.

---

against Defendants Lorman, Akke, and Fisher. *See* ECF No. 23. On October 4, 2023, Lorman and Akke, but not Fisher, filed a motion to set aside the clerk's entry of default, *see* ECF No. 24, which the Court granted on November 9, 2023, *see* ECF Nos. 28, 29. Accordingly, the Court limits its discussion to Defendants Lorman and Akke.

[4] On November 2, 2023, the Court received another filing from Plaintiff that was docketed as an Amended Complaint. *See* ECF No. 26. The subsequent filing appears to be a duplicate copy of Plaintiff's present motion.

[5] Plaintiff's motion contains several of what appear to be section or paragraph breaks, denoted by numbers, letters, or both. However, the markers are internally inconsistent and do not proceed in a logical order. *See generally* ECF No. 25. For clarity, all citations to the Motion are to the PACER-assigned page numbers at the top right-hand corner of the page.

3

4. Plaintiff appears to bring several claims against Director of the Office of Public Integrity and Accountability (OPIA) Thomas Eicher.  The first is a Sixth and Fourteenth Amendment claim based on Eicher's alleged failure to train attorneys on grand jury proceedings.  In addition, Plaintiff alleges Eicher did not create and file reports of misconduct while under a legal obligation to do so.  Specifically, Plaintiff alleges Eicher did not produce reports in response to allegations that Detective Hershey was intoxicated the night Plaintiff shot him.  In addition, because Eicher certified that the relevant reports do not exist, Plaintiff alleges that Eicher and the entire prosecution team (including Assistant Attorney General ("AAG") Erik Dabb, DAG Rachel Weeks, DAG Abigail Holmes, DAG Nicole Wise, and DAG Jenifer Davis) all knew of the unlawful conduct and nonetheless conspired to deprive Plaintiff of his federal constitutional rights.

5. A Sixth Amendment claim against Detective Hershey based on three allegations pertaining to the night of the shooting: (1) that Hershey shot Plaintiff; (2) that Hershey was intoxicated at the time; and (3) that Hershey failed to create a use of force report regarding the incident.  In addition, Plaintiff mentions an Eighth Amendment claim against Hershey for shooting him.

6. A Fourth Amendment claim for false arrest, false imprisonment, and selective enforcement against Lieutenant Glenn Garrles regarding Plaintiff's state-court prosecution.  Plaintiff also appears to describe a Fourteenth Amendment race discrimination claim against Garrles regarding the alleged creation of a newsletter containing "racial epithets" and displaying "animus and bias while profiling and describing all individuals involved in this investigation including Plaintiff Hadden as well as members of the state police and [Garrles'] own unit."

7. Lastly, Plaintiff alleges that, taken together, the foregoing allegations support a claim of malicious prosecution and selective enforcement in violation of the Sixth and Fourteenth Amendments against Salem County Prosecutor John Lenahan, DAG Weeks, DAG Wise, DAG Holmes, DAG Davis, AAG Dabb, and OPIA Director Eicher.

On February 14, 2024, Defendants Lorman and Akke timely filed opposition to the motion.

*See* ECF No. 40 ("Defs.' Opp.").[6]  In it, they first argue that the Court should deny the motion

---

[6] The present motion was administratively terminated for over a month.  On December 7, 2023, the Court dismissed the case under Local Rule 10.1(a) because Plaintiff had repeatedly failed to provide an updated mailing address, *see* ECF No. 33.  As a result, the motion to amend was administratively terminated.  *See id*.  Once the Plaintiff provided an updated address on December 19, 2024, *see* ECF No. 34, the Court reopened the case, *see* ECF No. 35.  At Plaintiff's request, the Court restored the present motion to the active docket on January 17, 2024, *see* ECF No. 37.

because the new claims against them are futile. *See id.* at 2-5. In the alternative, they argue that the motion should be denied as procedurally deficient for failure to comply with Local Civil Rule 15.1. *See id.* at 5-6. Plaintiff did not file a reply. *See* Dkt. Sheet. Having been fully briefed, the motion is now ripe for disposition.

## DISCUSSION

As discussed below, the motion is procedurally deficient in ways that make resolving it impracticable. And even if the Court set those procedural defects aside, the Court lacks sufficient information to decide the merits of the motion. The Court will therefore deny the motion without prejudice, subject to renewal upon the filing of a submission that complies with the procedural requirements of the Local Civil Rules and provides sufficient background information, as described below and in the accompanying Order of this date.

### A. The Motion Is Procedurally Deficient.

Defendants argue that Plaintiff's motion does not comply with Local Rule Civil Rule 15.1 because it "does not provide notice how [the proposed] Second Amended Complaint would differ from [the] First Amended Complaint." *See* Defs.' Opp. at 6. The Court agrees, and further notes that Plaintiff's motion also does not comply with Local Civil Rule 7.1 or Federal Rules of Civil Procedure 8(a) and 10(b).

To begin, Plaintiff's motion does not comport with the requirements of Local Civil Rule 15.1. Under that Rule, a party seeking to amend must attach a copy of the proposed pleading to his motion. *See* L. Civ. R. 15.1(a)(2). The motion must also include "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." *Id.* Plaintiff's motion does not include either. *See generally* ECF No. 25. That alone provides a

5

sufficient basis to deny Plaintiff's motion.  *See Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 F. App'x 144, 147-48 (3d Cir. 2014) ("Failure to supply a draft amended complaint is an adequate basis for denying leave to amend.") (citing *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000))); *see also Rivas v. L&N Builders Grp.*, No. 22-7544, 2023 WL 4014290, at *4 (D.N.J. June 15, 2023) (denying a motion to amend under Local Civil Rule 15.1 (citations omitted)).

Nor does Plaintiff's motion comply with Local Civil Rule 7.1, which states that "all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L. Civ. R. 7.1." That Rule also demands that "all motions include a brief and proof or acknowledgment of service on all other parties." Here, it appears that the proposed amendment and brief are combined in a single narrative document, complicating the process of delineating individuals claims and the factual allegations offered to support each.

Similarly, the Court finds that Plaintiff's submission violates the Federal Rules of Civil Procedure.  First, the Court has serious doubts regarding whether the proposed second amended complaint would provide adequate notice of the claims to Defendants.  Rule 8(a)(2) requires every complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Together, Rules 8(a) and (d)(1) underscore how the federal pleading rules emphasize *clarity and brevity*." *Rosado v. Dugan*, No. 19-5068, 2022 WL 19257, at *3 (E.D. Pa. Jan. 3, 2022) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (cleaned up) (emphasis added)).  "Rule 8 codifies a minimum standard for the sufficiency of complaints to provide fair notice of the claims being asserted and grounds they rest on." *Id.* (quoting *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (cleaned up)).  Accordingly, "[c]ourts can deny leave to amend if the proposed amended

pleading violates Rule 8." *Id.* (citing *Carter v. Va. Dep't of Game & Inland Fisheries*, No. 16-661, 2018 WL 3614975, at *4 (E.D. Va. July 27, 2018); *Jackson v. Sec'y Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d Cir. 2011) (per curiam)); *cf. also Itiowe v. U.S. Gov't*, 650 F. App'x 100, 103 (3d Cir. 2016) (per curiam) (affirming dismissal of *pro se* plaintiff's complaint for failure to comply with Rule 8).

The Court finds that if the proposed defendants were added by way of the present motion, they could not respond or litigate effectively, resulting in further delay. As previously discussed, Plaintiff has only submitted a twenty-page winding narrative in support of his motion, and the scope of the claims sought to be added or changed is far from clear. *Cf. Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (affirming dismissal of a complaint under Rule 8 because the pleading "defie[d] any attempt to meaningfully answer or plead to it and left the defendants having to guess what of the many things discussed constituted [actionable conduct under the governing law]").

Next, Plaintiff's motion does not contain a proposed pleading that complies with Federal Rule of Civil Procedure 10(b). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In addition, "[i]f doing so would promote clarity," a party must state "each claim founded on a separate transaction or occurrence . . . in a separate count . . . ." *Id*. Here, Plaintiff seeks to add several claims against multiple defendants. Accordingly, Plaintiff must list each claim to relief in a separate count, to include: (1) a specific legal basis for liability (i.e., a statutory or constitutional provision that provides the legal interest allegedly violated); (2) the defendants subject to that particular claim; and (3) the individual facts that support the particular claim. The Court finds that the proposed pleading fails to conform to these standards.

### B.        The Court Lack Sufficient Information to Address the Motion on the Merits.

Even if it were to ignore the foregoing procedural deficiencies, the Court lacks sufficient information to address Plaintiff's motion on the merits. First, the contemplated amendment appears to involve events that occurred both before and after Plaintiff filed the initial Complaint in this matter. Accordingly, the Court cannot determine whether the present motion is one to amend or one to supplement, each of which is governed by a distinct standard of review.[7] If Plaintiff chooses to renew his motion, he must clearly state when the facts supporting his claims took place.

Lastly, because Plaintiff has not updated the Court on the status of his state-court criminal prosecution, the Court and the parties cannot decide whether this case should continue or be stayed under federal abstention doctrine.[8] When he filed the initial Complaint in March 2022, Plaintiff was a pre-trial detainee awaiting his criminal trial in the New Jersey Superior Court. *See* ECF No. 1. As the Court noted in August 2023, however, subsequent filings suggest that Plaintiff has been convicted of at least one charge. *See* ECF No. 22, Memorandum Opinion, ¶ 8. Since then, the parties have not updated the Court on the status of Plaintiff's underlying state-court criminal proceeding. *See* Dkt. Sheet.

---

[7] On the one hand, "[a]n amendment revises the allegations, claims, and prayers for relief in a complaint to reflect the state of things *as of* the date the action was commenced." *Lutter v. JNESO*, 86 F.4th 111, 124 (3d Cir. 2023) (citing *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (emphasis in original)). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962). On the other hand, "supplementation adds or alters allegations, claims, or prayers for relief in the complaint is based on events that occurred *after* the initiation of the lawsuit. *Lutter*, 86 F.4th at 125 (citing *Garrett*, 938 F.3d at 82 (emphasis in original) (footnote omitted)). A court may allow a party to supplement a pleading only "on just terms." *See* Fed. R. Civ. P. 15(d); *see also Lutter*, 86 F.4th at 125 n.13 (noting that "[t]he standards for amendment and supplementation are similar, but they do not conform exactly as more lenience is afforded to amendment" (citations omitted)).

[8] *See, e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.

The status of the state-court proceeding is important for the parties and the Court to determine the appropriate path forward. To begin, the claims against Fisher, Lorman, and Akke may bear on a pending state court criminal proceeding—Plaintiff's criminal trial—in ways that implicate important state interests. Further, in his proposed second amended complaint, Plaintiff attempts to set out several causes of action, including malicious prosecution and *Brady* claims, which speak directly to the validity of his state-court criminal process. Inclusion of those claims during the pendency of a state-court criminal trial or appeal may justify a stay. Accordingly, the Court will order Plaintiff to send a declaration to the Court, describing the status of his criminal proceeding and any appeals, including discretionary appeals. An appropriate Order follows.

        s/Elizabeth A. Pascal
        ELIZABETH A. PASCAL
        United States Magistrate Judge

cc: Hon. Renée M. Bumb, U.S.D.J.