*NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| TREMAINE M. HADDEN,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY LORMAN, et al.,<br><br>Defendants. | Civ. No. 22-1600 (RMB-EAP)<br><br>**OPINION** |

**BUMB, CHIEF UNITED STATES DISTRICT JUDGE**

This matter comes before the Court upon pro se[1] Plaintiff Tremaine Hadden's ("Plaintiff") motion for default judgment against Defendant Sergeant Fisher ("Fisher"), pursuant to Federal Rule of Civil Procedure ("Rule") 55(b).  (Dkt. No. 47.)  The Court has considered Plaintiff's submission and decides the motion without oral argument pursuant to Rule 78(b).  For the reasons set forth below, Plaintiff's motion for default judgment is **DENIED** without prejudice.

---

[1] After Plaintiff filed his pro se motion for default judgment against Fisher, Plaintiff attained counsel, Peter Kober, Esq., who entered an appearance on February 18, 2025. Dkt. No. 79.

1

I.  **BACKGROUND**

   A.  **Factual Allegations**

Plaintiff alleges in his amended complaint that while detained at Salem County Jail as a pretrial detainee on June 14, 2020, he was subjected to an unprovoked physical assault by Fisher. Dkt. No. 2 at 16-17. Fisher approached Hadden's cell, opened the door, entered, and physically assaulted Plaintiff without provocation, while directing racial slurs at him. *Id.* During the incident, Fisher allegedly threatened Plaintiff, stating he would "make [him] disappear like George Floyd." *Id.* at 16.

Plaintiff reported the incident with Fisher to Tier Officer Miller on June 16, 2020, and asked for medical attention. *Id.* at 17. Tier Officer Miller wrote a report, but Plaintiff did not get medical attention that day. *Id.* The next day, Plaintiff was attacked by other inmates after a verbal altercation. *Id.* As a result, Plaintiff was taken to the jail's infirmary, where Lieutenant Templeton asked him what happened. *Id.* at 18. In response, Plaintiff reported that the previous incident with Fisher caused trauma to his head, wrist and severe back pain. *Id.*

   B.  **Relevant Procedural History**

Summons on Fisher was returned as executed by the U.S. Marshals Service on December 16, 2022. Dkt. No. 14. Sergeant Fisher failed to respond to Plainiff's amended complaint. The Clerk of Court entered default against Sergeant Fisher on August 21, 2023. Dkt. No. 23. Plaintiff thereafter filed this motion for default

judgment. Dkt. No. 47. Plaintiff also requests leave to conduct limited discovery to substantiate his damages. *Id.* at 7.

## II. LEGAL STANDARD

The Clerk of Court may enter default against a party who fails to plead or otherwise defend. Rule 55(a). Upon entry of default, a plaintiff may move a district court for default judgment under Rule 55(b). To grant default judgment, courts consider whether: (1) there is subject matter and personal jurisdiction; (2) the defendant was properly served; (3) the complaint states a plausible claim; and (4) damages are adequately proven. *See Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017).

When a court denies a plaintiff's motion for default judgment, it may also vacate the Clerk's entry of default. Rule 55(c). To vacate entry of default by the Clerk, courts consider: (1) whether the defendant has a meritorious defense; (2) where there is prejudice to the plaintiff, and (3) the culpability of the defendant. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). "[T]he decision to vacate a default judgment is left to the sound discretion of the trial court." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 138 (3d Cir. 2017) (cleaned up).

## III. DISCUSSION

The amended complaint establishes that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff brings a constitutional claim

under 42 U.S.C. § 1983. Personal jurisdiction and venue are also proper, as the events alleged occurred in Salem County, New Jersey, within the District of New Jersey. Dkt. No. 2. The record reflects that a United States Marshal left a copy of the summons and amended complaint with Warden John S. Cuzzupe at Salem County Jail on December 16, 2022. Dkt. No. 14. "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) (citing 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)).

Fisher is a local government employee, sued in his individual capacity[2] for damages and injunctive relief under 42 U.S.C. § 1983. Dkt. No. 2 at 3. Under Federal Rule of Civil Procedure 4(e)(2), service made be made on an individual within the Judicial District of the United States in one of three ways:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Service of process on an individual may also be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state

---

[2] "There is no longer a need to bring official-capacity actions against local government officials" because "local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

4

where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). "New Jersey Rule 4:4-4(a) mirrors Rule 4(e) regarding service of process of individual defendants." *Mite v. Bray*, No. CV 22-6665 (KMW-AMD), 2024 WL 1376052, at *4 (D.N.J. Mar. 28, 2024).

Fisher was not served personally or served by leaving a copy of the summons and amended complaint at his dwelling. "Agency appointment for purposes of service of process usually requires an actual appointment for the specific purpose of receiving process." *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009) (cleaned up). Whether an actual appointment was made may be proven by circumstantial evidence of the agency relationship, but there must be evidence the defendant intended to confer authority to accept service on the agent. *Id.* (citing *Dunkley v. Rutgers*, 2007 WL 2033827 at *2 (D.N.J. July 11, 2007) (additional citations omitted). The burden to prove the agency relationship is on the plaintiff. *Id.*

In his motion for default judgment, Plaintiff offers only his statement that "Defendant was properly served with the Summons and Complaint on December 16, 2022." Dkt. No. 47 at 2. A United States Marshal signed a process receipt and return, indicating he served Fisher by leaving a copy of the summons and amended complaint with Warden John S. Cuzzupe. Dkt. No. 14. Plaintiff has not met his burden to establish Warden John S. Cuzzupe was Plaintiff's agent authorized by appointment or by law to receive service of process for Sergeant Fisher.

Plaintiff, therefore, is not entitled to default judgment under Rule 55(b). Furthermore, district courts have authority to *sua sponte* vacate a Clerk's entry of

5

default under Rule 55(c) for good cause. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008); *Lewis v. Vestberg*, No. CV 23-0102 (ES) (JSA), 2024 WL 866349, at *2 (D.N.J. Feb. 29, 2024); *see Nyholm*, 259 F.R.D. at 105-6 (considering three requisite factors for vacating a Clerk's entry of default).

Under the first factor for consideration in vacating a Clerk's entry of default, Plaintiff will not be prejudiced because the Court will afford Plaintiff an additional 90-day period to obtain service on Fisher.[3] Under the second factor, it is unknown whether defendant has a meritorious defense because he has not been served or responded to the amended complaint. Third, Sergeant Fisher is not culpable for failing to respond because it appears that he never received the summons and amended complaint. The Court, therefore, finds good cause to vacate the Clerk's entry of default. Pursuant to Rule 4(m), the Court will extend time, for 90 days from the date of entry of this Order, for Plaintiff to obtain service of the summons and amended complaint on Sergeant Fisher.[4]

---

[3] Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915(a). Dkt. No. 5. Thus, he is entitled to service of process by the United States Marshals Service pursuant to Rule 4(c)(3).
[4] For service of process by a United States Marshal, Plaintiff must provide, on USM form 285, an address where Sergeant Fisher may be served.

## IV. CONCLUSION

Plaintiff is not entitled to default judgment against Fisher because he did not establish Fisher was properly served. The Court will deny the motion for default judgment without prejudice and vacate the Clerk's entry of default. The Court will also grant Plaintiff an extension of time to obtain proper service of process on Fisher. An appropriate order follows.

Dated: **April 2, 2025**

                                            <u>Renée Marie Bumb</u>
                                            RENÉE MARIE BUMB
                                            Chief United States District Judge